**UNITED STATES COURT OF APPEALS**

**For the Fifth Circuit**

No. 95-60073
Summary Calendar

HERMAN SHOWS,

Plaintiff-Appellant,

VERSUS

WAYNE COUNTY SCHOOL DISTRICT, ET AL.,

Defendants-Appellees

Appeal from the United States District Court
For the Southern District of Mississippi
(4:93cv30LN)

November 8, 1995

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Plaintiff/Appellant, Herman Shows, claims his due process rights were violated when his fifth grade teaching position was terminated after a hearing he requested but did not attend. The district court dismissed Shows's claims by summary judgment finding

---

[1] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

that the procedures employed by the Defendants afforded Shows adequate due process and that it lacked jurisdiction over Shows's accompanying state law defamation and conspiracy claims. Shows appeals the due process ruling. We affirm.

Facts

On Wednesday, March 31, 1993, a group of parents presented letters to the Wayne County School District (WCSD) superintendent accusing Shows of sexual misconduct with their daughters, fifth-grade students in Shows's class, and tying one student to her desk with a jump rope.[2] Later that day, Shows's principal informed Shows of the charges, read him the parents' statements and allowed Shows to deny or explain the charges. Shows and the principal then met with the superintendent where the allegations were again discussed and Shows was given another opportunity to deny or explain the charges. Shows did not deny that he touched the students, and he affirmed that he tied one of the students to her desk. Shows was suspended[3] with pay which was confirmed by a letter that also stated that Shows had a right to a hearing, representation by counsel at the hearing and presentation and cross-examination of witness.

The following Monday, April 5, 1993, the school board convened

---

[2] Although the parents' other allegations against Shows charged sexual misconduct, the incident with the jump rope appears to have been disciplinary in purpose, and there is no suggestion of any sexual quality in it.

[3] A glossary of terms will be helpful. The terms "suspend" and "dismiss" mean continued employment but no classroom duties pending final determination after hearing. "Termination" means actual severance of the employment relationship.

2

for its regular meeting where the charges were discussed in executive session outside the presence of the public and Shows. Either at or before the meeting, each board member was provided with copies of the parents' original statements and other statements taken in the course of the investigation of the charges. The superintendent verbally presented generalized, hearsay-based information regarding prior allegations of sexual misconduct with students. Upon adjourning the executive session, the board voted to dismiss Shows pending a hearing.

Shows requested a hearing which was scheduled for April 22, 1993 before an independent hearing officer, but neither Shows nor his attorney attended. As explained by his attorney in correspondence dated April 16, 1993, Shows believed that the defendants had violated Shows's rights under Mississippi law, there was no need for a post termination hearing, and Shows would avail himself of another forum. Shows filed suit in federal court against WCSD, the superintendent and all five school board members for defamation, conspiracy and violation of his due process rights.

Standard of Review

Summary judgment is appropriate if the record discloses "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party has demonstrated that no genuine issue of fact exists, the nonmovant must come forward with specific facts showing there is a genuine issue for trial. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). In

3

reviewing the summary judgment, we apply the same standard of review as did the district court. <u>Waltman v. Int'l Paper Co.</u>, 875 F.2d 468, 474 (5th Cir. 1989); <u>Moore v. Mississippi Valley State Univ.</u>, 871 F.2d 545, 548 (5th Cir. 1989). Mr. Shows has failed to satisfy his burden.

Due Process

A school board is required to provide notice and hearing before dismissing a public schoolteacher when the teacher has tenure or a reasonable expectation of reemployment. <u>Megill v. Board of Regents of the State of Fla.</u>, 541 F.2d 1073 (5th Cir. 1976); <u>Ferguson v. Thomas</u>, 430 F.2d 852 (5th Cir. 1970). The Mississippi legislature requires that public school employees be provided with "notice of the reasons for not offering an employee a renewal of his contract" and an "opportunity for the employee to present matters in extenuation or exculpation." Miss. Code Ann. §37-9-101 (1972). This protection against arbitrary dismissal creates an expectation of continued employment and a protectable property interest. <u>McDonald v. Mims</u>, 577 F.2d 951 (5th Cir. 1978). Shows's employment, therefore, is a protectable property interest.

Shows was offered a hearing under section 37-9-59 of the Mississippi Code also which sets out the procedures for discharging employees for cause. Under this section, the school board makes the final decision after the hearing. Shows chose to forego the hearing because he believed that the board predetermined the outcome at its earlier meeting. Generally, a person waives his right to complain of due process violations when he fails to take

4

advantage of administrative procedures made available to him. Rathjen v. Litchfield, 878 F.2d 836 (5th Cir. 1989). One exception to the general rule is bias or predetermination of the issues by the decision maker. McCarthy v. Madigan, 503 U.S. 140, (1992). Shows argues that he falls within the predetermination aspect of the exception.

Administrative hearing bodies are presumed to discharge their duties with honesty and integrity. Withrow v. Larkin, 421 U.S. 35, (1975). To overcome the presumption and prove predetermination, the complaining party must prove that the decisionmaker has an irrevocably closed mind prior to the hearing. Federal Trade Commission v. Cement Institute, 333 U.S. 683,(1948). Exposure to non-adversary investigative procedures or familiarity with the facts is insufficient to impugn the fairness of the board members at a subsequent adversary hearing. Withrow v. Larkin, 421 U.S. at 53-55; Hortonville Joint Sch. Dist. No. 1 v. Hortonville Educ. Ass'n., 426 U.S. 482, (1976).

Shows relies on Cantrell v. Vickers, 495 F. Supp. 195 (N.D. Miss. 1980). In Cantrell, the removal of a third grade teacher was considered during executive sessions at several meetings of the Board of Trustees. After the meetings, the board provided the teacher with a specific plan for improvement, noncompliance with which would result in immediate termination. The court found that the board "decided [the teacher's] future as a school teacher" at the time of the final meeting, before the teacher was granted a hearing. Id. at 200. Since the Board had predetermined the outcome

5

of a subsequent hearing, the court held that the teacher had not waived her right to assert her due process claims. Id. Such is not the case here.

Shows offers, as evidence of predetermination, his subjective belief that he was fired and a newspaper article reporting he was fired as opposed to suspended pending hearing. Shows also points to testimony by board members although all five board members voted for dismissal pending hearing. Phillip Cooley stated that based on information received at the meeting, he determined that Shows had done something wrong but that Shows was given a hearing to clear himself. Maria Giles testified that she made a personal determination at the meeting but that a final decision would not be made until after the hearing. Leah Parson testified that she did not know whether Shows had actually committed the acts, believed the students thought he had committed the acts but knew a final decision would not be rendered until after a hearing. The testimony before us of Ulmer Pryor and Donnis Shirley does not address whether either had predetermined the matter.

Shows's evidence does not suggest that the board had an irrevocably closed mind. In contrast to Cantrell, the board did not reach a decision nor administer a remedy. The evidence submitted by Shows does not rebut the presumption of honesty and integrity and does not demonstrate an issue for trial.

AFFIRMED.